UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AUGUSTO VELASQUEZ
RODRIGUEZ; for himself and on
behalf of those similarly situated,

    Plaintiff,               CASE NO.:

v.

HEARTLAND PAINTING AND
REMODELING SERVICES, INC., A
FLORIDA CORPORATION, AND
EMILIO MURRIETA,
INDIVIDUALLY,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, AUGUSTO VELASQUEZ RODRIGUEZ, on his own behalf, and on behalf of all similarly situated individuals, by and through undersigned counsel, hereby sues the Defendants, HEARTLAND PAINTING AND REMODELING SERVICES, INC., a Florida Corporation, and EMILIO MURRIETA, Individually ("the Defendants") for failing to pay complete overtime wages for every hour worked, pursuant to 29 U.S.C. § 216(b) ("FLSA").

## NATURE OF CASE

1. Defendant, HEARTLAND PAINTING AND REMODELING SERVICES, INC., is a Florida Corporation that operates and conducts business in, among others, Sarasota County, Florida and is therefore, within the jurisdiction of this Court.

1

2. As part of its enterprise, Defendant hires employees to paint and perform other functions necessary for operation of the corporation.

3. Plaintiff brings this case to address and correct the illegal pay practices conducted by Defendants.

4. Defendants violated the FLSA by failing to pay Plaintiff overtime wages based on his regular hourly rate for those hours worked in excess of forty (40) within a work week pursuant to 29 U.S.C. §§ 201-209.

**PARTIES**

5. Plaintiff was employed by Defendants in a non-exempt capacity, as a painter, working on residential and commercial properties.

6. Plaintiff worked for Defendants from approximately April 2019 to February 2020.

7. Defendant, HEARTLAND PAINTING AND REMODELING SERVICES, INC., is a Florida Corporation that operates and conducts business in, among others, Sarasota County, Florida and is therefore, within the jurisdiction of this Court.

8. At all times relevant to this action, EMILIO MURRIETA is an individual resident of the State of Florida, who owns and operates HEARTLAND PAINTING AND REMODELING SERVICES, INC., and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of HEARTLAND PAINTING AND REMODELING SERVICES, INC. By virtue of having regularly exercised that authority on behalf of HEARTLAND PAINTING AND REMODELING SERVICES, INC., EMILIO MURRIETA is an employer as defined by 29 U.S.C. § 201, et seq.

9. Plaintiff brings this FLSA collective action individually and on behalf of others similarly situated, including present and former employees of Defendant, to recover from Defendant

overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

## JURISDICTION & VENUE

10. This action is brought under Federal law to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

11. This Court has jurisdiction over Plaintiff's claims as they arise under the FLSA.

12. This Court has jurisdiction and venue over this complaint as each of Defendants' violations of the FLSA complained of took place in Sarasota County, Florida.

## GENERAL FACTUAL ALLEGATIONS

13. Plaintiff worked for Defendants located at 4085 42nd Way, Sarasota, Florida 34235.

14. At all times material, during the last three years, Defendants were an enterprise subject to the FLSA's provisions requiring overtime compensation.

15. At all times material, Plaintiff and others working for Defendants were "employees" of Defendants within the meaning of the FLSA.

16. At all times material, Defendants were an "employer" within the meaning of the FLSA and Defendants continues to be an "employer" within the meaning of the FLSA.

17. At all times material, Defendants employed two or more employees, including Plaintiffs, that customarily, continually, and regularly handled goods and materials that i) were purchased from a person or entity outside the State of Florida and/or ii) were purchased in Florida but had previously traveled through interstate commerce such as paint supplies, vehicles, telephones, computers, and office equipment and furniture.

18. Upon information and belief, Defendants obtained and solicited funds from non-

Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to conduct its business, transmitted funds outside the State of Florida, used electronic means to market and run their business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

19. Upon information and belief, Defendants accepted credit card payments, wire transfers, and other forms of payment that are made or processed outside the State of Florida.

20. At all times material during the last three years, Defendant has had an annual gross volume of sales made or business done of not less than five hundred thousand dollars ($500,000.00).

21. By Plaintiff's estimates, he routinely worked 60-65 hours or more in a work week.

22. When Plaintiff worked over 40 hours a week, Defendant did not pay Plaintiff time and one half for all hours worked over 40 in that work week.

23. Plaintiff was simply paid $500.00 via check regardless of how many hours were worked.

24. At all times relevant to this action, Defendants failed to comply with 29 U.S.C. §§ 201-209, because Defendants did not pay Plaintiff overtime wages for those hours worked in excess of forty (40) within a work week.

25. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

26. Plaintiff reincorporates and readopts all allegations contained within Paragraph 1-25 above.

27. Plaintiff was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

28. During his employment with Defendants, Plaintiff regularly worked overtime hours but was not paid time and one-half compensation for the same.

29. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages and is incurring reasonable attorneys' fees and costs.

30. Defendants were aware Plaintiff performed non-exempt job duties but still refused to pay Plaintiff overtime for hours worked over forty (40).

31. Defendants did not maintain and keep accurate time records as required by the FLSA for Plaintiff.

32. Defendants failed to post required FLSA informational listings as required by the FLSA.

33. At all times material, Defendants employed other non-exempt employees who worked in similar capacities and who worked a substantial number of hours in excess of forty (40) per week.

34. Throughout their employment, those employees were similarly situated to Plaintiff and were subject to the same unlawful pay practices.

35. Defendant failed to pay those individuals, who are similarly situated to Plaintiff, one and one half times their regular hourly rate, for all hours worked in excess of forty (40) in each week, in violation of the FLSA.

36. Defendants' failure to pay such similarly situated individuals the required overtime rate was willful and in reckless disregard of the FLSA.

37. As a direct and legal consequence of Defendants' unlawful acts, individuals similarly situated to Plaintiff have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

38. Defendants' conduct was willful and in reckless disregard of the overtime requirements of the FLSA.

39. Defendants willfully violated the FLSA.

40. Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendants for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by him for which Defendants did not properly compensate him, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and all further relief that this Court deems to be just and appropriate.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 17th day of June, 2020.

        **MORGAN & MORGAN, P.A.**

        **/s/ C. Ryan Morgan**
        C. Ryan Morgan, Esq.
        FBN 0015527
        RMorgan@forthepeople.com
        Jeffrey Del Rio, Esq.
        FBN 0105849
        JDelRio@forthepeople.com
        Morgan & Morgan, P.A.
        20 N. Orange Ave., 14th Floor
        Orlando, FL 32802-4979
        Telephone: (407) 420-1414
        Facsimile: (407) 245-3401
        *Attorneys for Plaintiff*