UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**AUGUSTO VELASQUEZ RODRIGUEZ**            CASE NO.:  8:20-CV-01399-TPB-TGW
**FOR HIMSELF AND ON BEHALF OF**
**THOSE SIMILARLY SITUATED,**

      Plaintiff,

vs.

**HEARTLAND PAINTING AND**
**REMODELING SERVICES, INC., A**
**FLORIDA CORPORATION, AND**
**EMILIO MURRIETA, INDIVIDUALLY,**

      Defendant.                                    /

### PLAINTIFF'S MOTION FOR DEFAULT FINAL JUDGMENT AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Rule 55(b)(1)(2) of the Federal Rules of Civil Procedure, Plaintiff, AUGUSTO VELASQUEZ RODRIGUEZ ("Plaintiff"), files this Motion for Entry of Default Final Judgment and Incorporated Memorandum of Law against Defendant, HEARTLAND PAINTING AND REMODELING SERVICES, INC. ("Defendant"),  and states:

1. On December 30, 2020, this Court directed the Clerk to (1) strike HEARTLAND PAINTING AND REMODELING SERVICES, INC.'s answer, and (2) enter default against HEARTLAND PAINTING AND REMODELING SERVICES, INC. (D.E. 27).

2. On December 31, 2020, an entry of default was entered against the defendant, HEARTLAND PAINTING AND REMODELING SERVICES, INC. (D.E. 29).

2. As of the filing of the instant Motion, Defendant has not retained counsel or filed a response as directed by the Court and has therefore failed to comply with the Court's Orders (D.E. 24; 26).

3. Accordingly, Plaintiff now requests a Default Final Judgment in his favor and against Defendant, HEARTLAND PAINTING AND REMODELING SERVICES, INC..

4. "A defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact." *Art Schmidlin v. Apex Mortgage Services, LLC*, 2008 WL 976158, *1 (M.D. Fla. 2008) (citing *Cotton v. Mass. Mut. Life Insurance Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005)).

5. Under the liberal notice pleading requirements of the Federal Rules of Civil Procedure, a plaintiff is only required to allege: (1) a short and plain statement of the grounds upon which the Court's jurisdiction depends; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment. Fed. R. Civ. P. (8)(a).  In the case of claims arising under the Fair Labor Standards Act ("FLSA"), the former Fifth Circuit Court of Appeals has held that a statement that the defendants have the employees who are engaged in interstate commerce and who are paid less than the statutorily required minimum wage is sufficient to state a claim under the FLSA.  See *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959).  "Such simplified notice pleading is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the rules to disclose more precisely the basis of both the claim and defenses and to define more narrowly the disputed facts and issues." *Conley*, 335 U.S. at 41, 47-48.

6. The Eleventh Circuit Pattern Jury Instructions state that for a plaintiff to prevail on a claim under the FLSA, the Plaintiff must establish: 1) That the plaintiff was employed by

defendant during the time period involved; 2) that plaintiff was engaged in commerce or production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods in commerce; and 3) that defendant failed to pay the proper compensation as required by law.  See *Eleventh Circuit Pattern Jury Instructions – Civil 4.14* (2013).

7. In the instant case, Plaintiff's Complaint (D.E. 1) contains all of the allegations required to state a claim for compensation under the FLSA.  In Paragraphs 1, 2, 10-20 of the Complaint, Plaintiff identified the basis of the Court's jurisdiction - 29 U.S.C. §216(b), alleges that he was employed by Defendants, and that Defendants were an enterprise covered by the FLSA.  In Paragraphs 10-25, and in Count I, Plaintiff alleges that he was employed by Defendants but was not paid for all overtime hours worked.  Plaintiff's Complaint seeks relief for the damages incurred and demands judgment against Defendants.  Accordingly, the Complaint states a claim under the FLSA, and because this Court must deem the well-plead allegations of the complaint as true, the Plaintiff has established each element of a claim under the FLSA.

8. "In order to enter default judgment, the Court must determine the amount of damages.  The Court may determine the amount of damages by affidavit and/or other documentary evidence.  An evidentiary hearing is not required by Rule 55(b) if the amount of damages can be determined by computation from the record before the Court." *Ruth v. Pinnacle Payment Service LLC*, 2013 WL 3947689, *1 (N.D. Ohio July 31, 2013).

9. Attached as **Exhibit A** is Plaintiff's Declaration evidencing the facts of his employment with Defendants as well as the amount of overtime wages he was not paid by Defendant.  Plaintiff's Declaration is the best evidence of his hours worked as Defendants have failed to participate in this case and provide the full pay/time records for Plaintiff.  Plaintiff's

Declaration is based off of his contemporaneous records which prove that he was not paid for all regular hours and overtime hours worked. Plaintiff typically worked 62 plus hours per week at the agreed upon rate of $15.00 per hour.

10. Also attached to Plaintiff's Declaration is a detailed spreadsheet which specifies the amounts owed by pay period based upon Plaintiff's evidence and testimony from his Declaration. According to this calculation, Plaintiff is owed **$5,970.00** in overtime compensation and unpaid wages.

11. Plaintiff is also entitled to liquidated damages in an amount equal to his unpaid overtime and minimum wage compensation pursuant to 29 U.S.C. §216(b). An employer who seeks to avoid liquidated damages as a result of violating the provisions of the FLSA bears the burden of proving that its violation was both in good faith and predicated upon reasonable grounds. *See Joiner v. City of Macon,* 814 F.2d 1537 (11th Cir. 1987). In this case, Defendant, by virtue of having failed to respond to properly defend this matter, fail to meet their burden to oppose the imposition of liquidated damages. As such, Plaintiff is also entitled to **$5,970.00** in liquidated damages.

12. An additional element of Plaintiff's claim is the recovery of attorneys' costs. Specifically, 29 U.S.C. § 216(b) authorizes an award of attorneys' costs to the prevailing plaintiff in any proceedings to enforce the provisions of the FLSA. The Complaint in this case shows that this was a proceeding to enforce the provisions of the FLSA.

13. Plaintiff has incurred $577.80 in costs, of which **$520.00** is for an awardable cost of the filing fee and service of process charges. *See Perrin v. John B. Webb & Assoc., 2005* WL 2465022, at *5 (M.D. Fla. 2005). (Attached as **Exhibit B** is Plaintiff's Counsel's cost ledger).

WHEREFORE, Plaintiff, AUGUSTO VELASQUEZ RODRIGUEZ., requests the entry of Final Judgment in his favor and against Defendant, HEARTLAND PAINTING AND REMODELING SERVICES, INC., in the total amount of **$11,940.00** to Plaintiff, and a judgment in favor of his counsel, Morgan & Morgan, P.A., in the amount of **$520.00**.

Dated this 28th day of January 2021.

/s/ *Jeffrey N. Del Rio*
Jeffrey N. Del Rio, Esq.
FBN: 0105849
Morgan & Morgan, P.A.
201 N. Franklin St., 7th Floor
Tampa, FL 33602
Telephone: (813) 983-2959
Facsimile: (813) 229-4059
Email: JDelRio@forthepeople.com
C. Ryan Morgan, Esq.
FBN: 0015527
Email: RMorgan@forthepeople.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY NOTIFY** that on this 28th day of January, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served via regular U.S. Mail and Certified Mail. Parties may access this filing through the Court's electronic filing system.

*/s/ Jeffrey N. Del Rio*