UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AUGUSTO VELASQUEZ RODRIGUEZ, for himself and on behalf of those similarly situated,

Plaintiff,

v. CASE NO. 8:20-cv-1399-TPB-TGW

HEARTLAND PAINTING AND REMODELING SERVICES, INC., a Florida Corporation, and EMILIO MURRIETA, individually,

Defendants.

_______________________________/

REPORT AND RECOMMENDATION

This cause came on for consideration upon the plaintiff's Motion for Default Final Judgment and Incorporated Memorandum of Law (Doc. 30). The plaintiff moves for default final judgment against the corporate defendant only, and not against the individual defendant (id., p. 1). I recommend that default final judgment be entered against defendant Heartland Painting and Remodeling Services, Inc. in this Fair Labor Standards Act (FLSA) case in the requested amount of $11,940.00 for overtime wages and liquidated damages, and that costs of $520.00 be awarded.

On December 31, 2020, the Clerk entered default against Heartland Painting and Remodeling Services, Inc. (Doc. 29). The answer for defendant Emilio Murrieta remains in effect (see Doc. 27).

On March 17, 2021, I held a hearing on the plaintiff's motion (see Doc. 36). Counsel for the plaintiff was present, but no one appeared on behalf of defendant Heartland Painting and Remodeling Services, Inc. Plaintiff's counsel indicated that the defendant had planned to file for bankruptcy instead of proceeding with litigation, but it has yet to file for bankruptcy, nor has it retained counsel. Thus, the plaintiff has moved for default final judgment against the corporation.

To support a claim for overtime compensation under the FLSA, the plaintiff must show "simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act." Secretary of Labor v. Labbe, 319 Fed.Appx. 761, 763 (11th Cir. 2008) (citing 29 U.S.C. §§ 206, 207, 215(a)(2) and (5)). The plaintiff has supported his FLSA claim with appropriate allegations, thus the jurisdictional issues are accepted, and liability is established. The only matter left to resolve is the amount of damages.

The plaintiff has reasonably proved his damages by the declaration attached to the motion (see Doc. 30-1). The plaintiff states that

he was employed by the defendant from March 2019 to March 5, 2020; he was paid $15.00 per hour and kept a log of hours worked during most of his employment with the defendant (id., p. 2). The plaintiff states that he is owed $5,970.00 in overtime wages (id.). The plaintiff also requests $5,970.00 in liquidated damages as provided by the FLSA (Doc. 30, p. 4).

Moreover, the plaintiff requests an award of $520.00 in costs. This figure represents the $400.00 filing fee and $120.00 for service of process charges (Doc. 30-2, p. 2). Plaintiff's counsel indicated that a motion for attorney's fees will be filed subsequently.

The defendant has not refuted the plaintiff's FLSA claim. Moreover, the amount requested is not unreasonable. I note that during some weeks of his employment with the defendant, the plaintiff did not make a request for any overtime compensation, which suggests that he took a reasonable approach in calculating his wages (see Doc. 30-4).

Accordingly, I recommend that default final judgment be entered against defendant Heartland Painting and Remodeling Services, Inc. in the amount of $11,940.00, and costs of $520.00 be awarded.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: MARCH 24, 2021.

NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. 636(b)(1)(C). Under 28 U.S.C. 636(b)(1), a party's failure to object to this report's proposed findings and recommendations waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.