UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AUGUSTO VELASQUEZ
RODRIGUEZ

    Plaintiff,

v.                                   CASE NO. 8:20-cv-1399-TPB-TGW

HEARTLAND PAINTING
AND REMODELING
SERVICES, INC., and
EMILIO MURRIETA,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came on for consideration upon the Plaintiff's Motion for Award of Attorney Fees (Doc. 41). The corporate defendant, Heartland Painting and Remodeling Services, Inc. (Heartland), was found, by default, to have violated the Fair Labor Standards Act (FLSA) (see Docs. 39, 40). The plaintiff did not seek default judgment against the individual defendant, Emilio Murrieta (Doc. 30, p. 1). The case against defendant Emilio Murrieta was later dismissed without prejudice (Doc. 44). Consequently, the plaintiff was awarded damages of $5,970 in unpaid overtime wages and $5,970 in liquidated damages, for a total of $11,940 (Doc. 39). Additionally, the plaintiff was awarded $520 in costs (id.). The

plaintiff has now filed a Motion for Award of Attorney Fees (Doc. 41). The motion was referred to me for a report and recommendation (Doc. 42). Having considered the materials submitted and the governing legal standards, I recommend that the plaintiff be awarded $4,740 in attorney's fees.

I.

On June 17, 2020, the plaintiff, Augusto Velasquez Rodriquez, sued the defendants, Heartland and Emilio Murrieta, for a failure to pay him overtime wages in violation of the FLSA (Doc. 1, p. 2). As indicated, the case against defendant Emilio Murrieta was later dismissed without prejudice (Doc. 44). Although a default judgment was entered against Heartland, it is not the case that the defendant simply never responded. Rather, Heartland filed its answer to the plaintiff's complaint (see Doc. 16) and the parties were scheduled to begin mediation (see Doc. 21). However, three days before mediation was to occur, counsel for Heartland filed an unopposed motion to withdraw, which was granted (Docs. 23, 24). Accordingly, the case was stayed and Heartland was given thirty days to obtain new counsel (Doc. 24).

When Heartland failed to obtain new counsel, the plaintiff filed a motion for clerk's default against Heartland (Doc. 25). Heartland was given

2

a final opportunity "to show cause, in writing, by December 22, 2020, why default should not be entered against it" (Doc. 26). When it failed to comply, the Clerk of Court was directed to enter default against Heartland, which she did (Docs. 27, 29). Thereafter, the plaintiff filed a motion for default judgment against Heartland (Doc. 30). I recommended that default judgment be entered against Heartland and District Judge Thomas P. Barber adopted my recommendation (Docs. 38, 39). Consequently, the plaintiff was awarded damages of $5,970 in unpaid overtime wages and $5,970 in liquidated damages, totaling $11,940, as well as $520 in costs (Doc. 39).

The plaintiff then filed this motion for attorney's fees for $4,740 (Doc. 41). The motion is supported by an affidavit and time records (see Docs. 41-1, 41-2). As indicated, the motion was referred to me for a report and recommendation (Doc. 42). The defendant was served this motion and has not filed a response (Doc. 41, p. 14). Accordingly, this motion is unopposed.

II.

As indicated, counsel seeks an award of $4,740 in attorney's fees pursuant to the FLSA (id., p. 2). The FLSA provides that "in addition to any judgment awarded to the plaintiff . . . [the court shall] allow a reasonable attorney's fees to be paid by the defendant, and costs of the action." See 29

3

U.S.C. 216(b). Therefore, based on the judgment entered in the plaintiff's favor (Doc. 40), the plaintiff is entitled to reasonable attorney's fees. Thus, the only question to be addressed here is the amount of the fees.

The federal lodestar approach is used to determine a reasonable attorney's fees award pursuant to the FLSA. See Perez v. Carey International, Inc., 373 Fed. Appx. 907, 910 (11th Cir. 2010). In order to determine a "lodestar amount of fees" to be awarded, "'the number of hours reasonably expended on the litigation [is] multiplied by a reasonable hourly rate.'" Id. (internal citations omitted). The fee applicant bears the burden of presenting satisfactory evidence to establish that the requested rate is in accord with the prevailing market rate and that the hours are reasonable. Norman v. The Housing Authority of the City of Montgomery, 836 F.2d 1292, 1299, 1303 (11th Cir. 1988). Once the lodestar is determined, the court must then consider whether an adjustment of the lodestar for the results obtained is appropriate. See Perdue v. Kenny A. ex. rel. Winn, 559 U.S. 542, 552 (2010). Hours that are "redundant, excessive, or otherwise unnecessary" are not to be included in the determination of hours reasonably expended. See Perez v. Carey International, Inc., supra, 373 Fed. Appx. at 11 (internal citations omitted).

4

1. <u>Hourly rates</u>

The court must determine a reasonable hourly rate for the services of the prevailing plaintiff's attorney. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." <u>Norman</u> v. <u>The Housing Authority of the City of Montgomery</u>, <u>supra</u>, 836 F.2d at 1299. The fee applicant bears the burden of providing "the court with specific and detailed evidence from which the court can determine [a] reasonable hourly rate." <u>Id</u>. at 1303.

In this matter, the plaintiff was represented by attorneys Jeffrey Nicholas Del Rio and his co-counsel, C. Ryan Morgan (Doc. 41-1). However, the affidavit submitted is by Mr. Del Rio only (<u>id</u>.). Mr. Del Rio requests a fee based on an hourly rate of $300 (<u>id</u>., p. 4, ¶14).

In his affidavit, Mr. Del Rio provides that he has practiced law since 2013 and is currently employed with Morgan & Morgan, P.A. (Morgan & Morgan) (<u>id</u>., p. 2–3, ¶¶2, 5, 9). Mr. Del Rio states that at Morgan & Morgan, he is "responsible for prosecuting, as lead counsel, federal and state labor and employment claims, including claims arising under the Fair Labor Standards Act ("FLSA")" (<u>id</u>., p. 2–3, ¶5). He requests an hourly rate of $300 (<u>id</u>., p. 4, ¶14). In support of his request, he has provided several cases in

the Middle District of Florida, including some cases where higher fees have been awarded (Doc. 41, p. 12–13). He avers that these cases "support[] a fee award at a rate of at least $300.00 per hour for Attorney Del Rio" (id., p. 9).

Taking into consideration counsel's experience in employment law, the small number of hours he spent on the case, the prevailing market rates in the area, and the lack of opposition from the defendants, I conclude that the requested rate is reasonable. See Norman v. The Housing Authority of the City of Montgomery, supra, 836 F.2d at 1303 (providing that the court itself is an expert in determining prevailing market rates). Accordingly, I recommend that Mr. Del Rio, and his co-counsel, Mr. Morgan, be awarded an hourly rate of $300.

### 2. Reasonableness of the Number of Hours Expended

The second half of the lodestar determination requires the court to calculate the number of hours reasonably expended on the litigation. Accordingly, the court "must still determine whether time was reasonably expended, and if it was not, that time should be excluded from the fee calculation." Perez v. Carey International, Inc., supra, 373 Fed. Appx. at 911.

It is the fee applicant's burden to adequately document the number of hours expended on a given case. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). Thus, "[the fee applicant] should have maintained records

6

to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." <u>Norman v. The Housing Authority of the City of Montgomery</u>, <u>supra</u>, 836 F.2d at 1303. The applicant bears the burden of supplying such evidence to the court for its review. <u>Id</u>.

In this matter, this burden has been met. In his affidavit, Mr. Del Rio has provided the court with a detailed log of the hours he and his co-counsel spent working on the matter (<u>see</u> Doc. 41-2). This detailed log shows that 15.80 hours were expended (<u>id</u>.). Consequently, the plaintiff's motion seeks compensation for 15.80 hours of legal work (Doc. 41, p. 7). This legal work included included legal research, drafting of the complaint and affidavits, communicating with opposing counsel, preparing for mediation, and attending an in-person hearing before me (<u>id</u>.). Mr. Del Rio avers that "the time spent litigating the case at hand precluded counsel from spending that time with other clients and cases" and, additionally, that the case was done on a contingent fee basis (<u>id</u>., p. 8, 9).

Further, the time spent preparing this motion for attorney's fees is compensable. <u>See</u> <u>Thompson v. Pharmacy Corp. of America, Inc.</u>, 334 F.3d 1242, 1245 (11th Cir. 2003) (providing that in cases where a prevailing

7

party can collect attorney's fees under a federal statute, these fees also include time spent litigating both the entitlement and amount of fees). The detailed log provided by Mr. Del Rio appears to include time spent preparing this motion for attorney's fees (Doc. 41-2). I therefore recommend that the plaintiff's counsel be compensated for the 15.80 hours of legal work spent on this matter, because that amount of time is reasonable.

Thus, the hourly rate multiplied by the compensable number of hours results in the lodestar amount of $4,740. Accordingly, I recommend that the plaintiff's counsel be awarded an attorney's fee of $4,740.

III.

As indicated, the plaintiff has already been awarded costs (see Doc. 39) and, therefore, does not seek costs in this motion. For the foregoing reasons, I recommend that the Plaintiff's Motion for Award of Attorney Fees (Doc. 41) be granted to the extent that an amended judgment be entered awarding the plaintiff an additional amount of $4,740 in attorney's fees.

Respectfully submitted,

_Thomas G. Wilson_
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: November 24, 2021.

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. 636(b)(1)(C). Under 28 U.S.C. 636(b)(1), a party's failure to object to this report's proposed findings and recommendations waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.